NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13938

RYAN DUARTE  vs.  NEW BEDFORD DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1]


July 21, 2026.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Ryan Duarte, appeals from a judgment of the county court denying his petition requesting relief under G. L. c. 211, § 3, as well as relief in the nature of mandamus and a writ of certiorari.  We affirm.[2]

This matter arises from a small claims action that Duarte commenced in the New Bedford Division of the District Court Department.  Duarte alleged that the defendant in that action had hired him to perform at a wedding but reneged on their agreement shortly before the event.  The matter went before an assistant clerk-magistrate, who entered judgment in favor of Duarte in the amount of $987.16 on April 14, 2025.  On April 28, 2025, the defendant submitted a filing, titled "Motion to Appeal," requesting a trial de novo before a justice of the District Court.  See Rule 10 (a) of the Uniform Small Claims

---

[1] An assistant clerk-magistrate of the New Bedford Division of the District Court Department and a justice of that court.

[2] We note that Duarte has not submitted a record appendix, as required by Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).  "Although we do not base our decision on that omission, we remind all litigants, whether or not represented by counsel, that they are required to comply with the rules of court." Roberts v. Hingham Div. of the Dist. Court Dep't, 486 Mass. 1001, 1002 n.4 (2020).

Rules (2025).  Duarte moved to dismiss the appeal, arguing that the appeal was untimely and that the defendant had not submitted an appeal bond.  After a hearing, the assistant clerk-magistrate denied Duarte's motion to dismiss and allowed the defendant's motion, which was construed as a request to file an untimely appeal.  The defendant subsequently provided an appeal bond, and a bench trial was held before a justice of the District Court on July 25, 2025.  At the conclusion of the trial, judgment entered in favor of the defendant.  Ten weeks later, Duarte filed this petition in the county court.  In his petition, Duarte argued that the assistant clerk-magistrate lacked the authority to permit the defendant to pursue an untimely appeal and the subsequent judgment entered in favor of the defendant was therefore void ab initio.  A single justice of this court denied the petition without a hearing.  Duarte now appeals.

Duarte has submitted a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which concerns an appeal from a judgment of the single justice "den[ying] relief from a challenged interlocutory ruling in the trial court."  In his memorandum, Duarte argues that the single justice erred in denying relief under G. L. c. 211, § 3, because Duarte has no adequate alternative remedy.  Rule 2:21 does not apply here, as Duarte is not seeking review of an interlocutory ruling of the trial court.  See Tessema v. Nextel Sys. Corp., 451 Mass. 1007, 1007 (2008).  Nonetheless, it is clear that Duarte is not entitled to relief.  "We have repeatedly stated that a plaintiff who chooses to proceed in the small claims session waives the right to appeal from any adverse judgment, and likewise is not entitled to invoke this court's extraordinary power of general superintendence in lieu of an appeal to compel review of the judgment."  Zullo v. Culik Law P.C., 467 Mass. 1009, 1009 (2014), and cases cited.  Thus, the single justice "was warranted in declining to grant extraordinary relief."  Id. at 1010.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Ryan Duarte, pro se.